UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TINA M. C., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:19-cv-00501-DBH |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable, as of her date last insured for SSD benefits, March 31, 2010, of performing work existing in significant numbers in the national economy. The plaintiff, appearing *pro se*, seeks remand on the basis that "[t]here i[s] enough medical documenta[t]ion as well as letters from [her] medical team that support[] [her] disabilities." Error and Fact Sheet-Plaintiff ("Statement of Errors") (ECF No. 19-2), attached to Fact Sheet for Social Security Appeals: Plaintiff ("Fact Sheet") (ECF No. 19). She provides a copy of a November 12, 2019, note of a visit to New England Eye Center ("2019 Eye Center Note") (ECF No. 19-1), attached to Fact Sheet, and a list of 24 conditions or symptoms, *see* Fact Sheet at [2]. Because the ALJ made a supportable determination at each step of the sequential

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

evaluation process, and the plaintiff's arguments and additional evidence provide no basis for remand, I recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2010, Finding 1, Record at 2160; that, through her date last insured ("DLI"), she had the severe impairments of disc degeneration of the cervical and lumbar spine, neuropathy, arthritis of the right hip, fibromyalgia, and lupus, Finding 3, *id.*; that, through her DLI, she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that in an eight-hour workday, she could lift and/or carry 10 pounds frequently and 20 pounds occasionally, could push and pull within the cited weight tolerances, could sit for six hours and stand and/or walk for four hours, could frequently reach overhead bilaterally, could operate foot controls occasionally on the right and frequently on the left, could occasionally climb ramps and stairs but never ladders, ropes, and scaffolds, could occasionally balance, stoop, and crouch but never kneel or crawl, could not work at unprotected heights or with dangerous moving machinery, and could not operate a motor vehicle, Finding 5, *id.* at 2161-62; that, through her DLI, considering her age (39 years old, defined as a younger individual, on her DLI), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 2164; and that she, therefore, had not been disabled from June 22, 2009, her alleged onset date of disability, through March 31, 2010, her DLI, Finding 11, *id.* at 2165. The Appeals Council declined to assume jurisdiction of the case following remand, *id.* at 2149, making the decision the

final determination of the commissioner, 20 C.F.R. § 404.984(a), (b)(2); *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Additional Medical Evidence

In her Statement of Errors, the plaintiff noted that she had provided to the court "additional medical evidence that is relevant to [her] case of . . . complicated, ongoing, and progressing medical issues[,]" namely, the 2019 Eye Center Note, and that she had been scheduled for "Nerve Testing with Dr. John Dolan on March 28, 2020" and that Dr. Dolan, in coordination with a rheumatologist, Dr. Sebastian Unizony, was "trying to set [her] up [for Rituximab infusions] at an Infusion Center in Maine[.]" Statement of Errors.

The plaintiff's "additional medical evidence[,]" including evidence that she anticipated would be generated from upcoming medical appointments, postdates the January 29, 2019, ALJ decision from which she appeals. *See* Record at 2166. When "[t]he nature of an appeal is a review of a decision made by an individual or agency[,]" as is the case here, "this court cannot consider issues or evidence that was not first presented to that decision-maker." *McTague v. Colvin*, No. 1:15-cv-296-DBH, 2016 WL 2599897, at *2 (D. Me. Apr. 4, 2016) (rec. dec., *aff'd* May 3, 2016). This basic legal principle makes it impossible for this court to consider the "additional medical evidence" generated well after the ruling from which this appeal was taken. *See id*.

Even if, in deference to the plaintiff's *pro se* status, the court were to construe her proffer of new evidence as a motion for a sentence six remand under 42 U.S.C. § 405(g), remand still would be unwarranted.[2] The plaintiff has not established that the new evidence, which postdates the relevant time period of June 22, 2009, through March 31, 2010, by nearly a decade, is "material"; "in other words, that the earlier decision 'might reasonably have been different' had the evidence been considered by the commissioner[.]" *Tammy Lynn W.N. v. Berryhill*, No. 1:18-cv-00113-LEW, 2019 WL 276844, at *2 (D. Me. Jan. 20, 2019) (citation omitted) (rec. dec., *aff'd* Feb. 19, 2019).

Thus, the plaintiff's bid for remand on the basis of her proffer of new medical evidence supporting her disabilities falls short.

---

[2] Sentence six of section 405(g) provides, in pertinent part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g).

## B. Existing Medical Documentation of Record

Next, the plaintiff asserts that "[t]here is enough medical documenta[t]ion as well as letters from [her] medical team that support[] [her] disabilities." Statement of Errors. Presumably, her 24 listed conditions and symptoms are the "disabilities" to which she refers, *see* Fact Sheet at [2], and Exhibits 65F and 66F, cited in her Statement of Errors, contain the referenced letters from her medical team. *See* Statement of Errors; Fact Sheet at [2]; Record at 2146 (Exhibit 65F; Letter from John Dolan, D.O., dated November 8, 2018), 2147 (Exhibit 66F; Letter from Stephanie B. Williams, P.A.-C., for John B. McGuckin, M.D., dated November 16, 2018).[3]

At oral argument, the plaintiff asserted that the ALJ failed to consider the Dolan and Williams/McGuckin letters as well as letters from William Frank, M.D., and Mark Fisher, M.D. However, the ALJ considered all of those letters, explaining why, "despite their status as treating clinicians, I have not placed serious reliance upon these opinions":

> I reached this conclusion for several reasons, where none of the referenced providers, including Dr. Frank and Dr. Dolan, offered said restrictions at the time of the date last insured; the earliest treating source statement was completed more than 3 years after the period at issue, in September 2013 (Exhibits 9F [Dolan RFC questionnaire], 36F [Frank letter], 46F [Dolan letter], 57F [Frank letter]). Furthermore, providers offered opinions on the [plaintiff]'s work capacity that are reserved to the Commissioner; or they did not even begin treating the [plaintiff] until after the date last insured, and thus were not in a position to offer a clinical analysis of [her] physical capacity <u>as was contemporaneously manifest</u> between June 2009 and March 2010 (emphasis added) (Exhibits 45F [Williams/Frank letter], 58F [Fisher letter], 63F [Frank and Williams/Frank letters], 65F [Dolan letter], 66F [Williams/McGuckin letter]).

Record at 2163-64 (emphasis in original).

---

[3] The list, however, is only that: a list unaccompanied by citations to the record apart from two citations to letters from medical providers. *See* Fact Sheet at [2]. To complicate matters further, the plaintiff lists symptoms as well as impairments and does not distinguish between impairments the ALJ evaluated and did not evaluate and, with respect to those she evaluated, those she found severe *versus* nonsevere. *See id.*

5

I find no fault with the ALJ's handling of the plaintiff's treating sources' opinions. Pursuant to regulations in effect as of February 12, 2013, when the plaintiff filed her SSD application, *see* Record at 2166, a treating source's opinion on the nature and severity of a claimant's impairments is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the claimant's] case record[,]" 20 C.F.R. § 404.1527(c)(2). When a treating source's opinion is not given controlling weight, it is to be weighed in accordance with enumerated factors. *See id.* § 404.1527(c).[4] An ALJ may give the opinion little weight or reject it, provided that he or she supplies "good reasons" for doing so. *See, e.g., id.* § 404.1527(c)(2) ("[The commissioner] will always give good reasons in [his] notice of determination or decision for the weight [he] give[s] a [claimant's] treating source's medical opinion.").[5]

The ALJ supplied good reasons in this case for not crediting the plaintiff's treating sources' opinions, including that (i) they did not purport to offer an opinion on the plaintiff's condition on or before her DLI, (ii) the earliest of their opinions was completed more than three years after the DLI, and (iii) certain of their opinions touched on matters reserved to the commissioner. No more was required.

Turning to the listed symptoms and conditions, *see* Statement of Errors; Fact Sheet at [2], the plaintiff identified no specific evidence of record in support of her argument for remand on that basis either in her filings or at oral argument, rendering it impossible to evaluate. The

---

[4] These are: (i) examining relationship, (ii) treatment relationship, including length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship, (iii) supportability – *i.e.*, adequacy of explanation for the opinion, (iv) consistency with the record as a whole, (v) specialization – *i.e.*, whether the opinion relates to the source's specialty, and (vi) other factors highlighted by the claimant or others. *See* 20 C.F.R. § 404.1527(c).

[5] The quoted regulations were superseded as to claims filed on or after March 27, 2017, by 20 C.F.R. § 404.1520c, pursuant to which the commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 404.1520c.

administrative record in this case is more than 2,000 pages long, and this court's Local Rule 16.3(a)(2), governing Social Security disability appeals, mandates that "[a]ny factual assertions must be supported by transcript references." Loc. R. 16.3(a)(2)(D). While courts must construe *pro se* pleadings and arguments liberally, "[c]ourts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff's case." *Lacadie v. Town of Milford,* Civ. No. 07-101-B-W, 2008 WL 1930410, at *6 n.8 (D. Me. May 1, 2008) (rec. dec., *aff'd* June 19, 2008); *see also Butler v. Berryhill*, No. 1:16-cv-558-JDL, 2017 WL 3098086, at *2 (D. Me. July 21, 2017) ("This Court's review must be guided by the parties' arguments of law and discussion of the factual record; the Court does not scrutinize the ALJ's decision on its own." (citing, *inter alia*, Loc. R. 16.3(a))) (rec. dec., *aff'd* Sept. 14, 2017).

The plaintiff, hence, fails to demonstrate that remand is warranted on the basis of the ALJ's handling of the evidence before her.

### C. Substantial Evidence

Finally, to the extent that the plaintiff means to argue that the ALJ's unfavorable decision is unsupported by substantial evidence, I find otherwise.[6]

The ALJ relied heavily on the testimony at hearing of an impartial medical expert, Michael Buckwalter, M.D., who had the benefit of examining the complete medical record. *See* Record at 1728-29, 2157, 2162-63. At the outset, Dr. Buckwalter noted that, while "this is certainly a very voluminous record[,] . . . there's very little evidence before" the plaintiff's DLI of March 31, 2010. *Id*. at 1729.

---

[6] Because the ALJ's Step 1 findings that the plaintiff met the insured status requirements of Social Security Act through March 31, 2010, and had not engaged in gainful activity during the relevant period, *see* Findings 1-2, Record at 2160, are favorable to the plaintiff, I need not and do not address them.

Dr. Buckwalter testified that, prior to the DLI, (i) the plaintiff suffered from severe impairments of disc degeneration of the cervical and lumbar spine, neuropathy, arthritis of the right hip, fibromyalgia, and lupus, *see id.* at 1729-31; (ii) the plaintiff did not have an impairment or combination of impairments that met or medically equaled in severity one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1, *see id.* at 1731; and, (iii) as of her DLI, the plaintiff was able to lift, carry, push, and/or pull 10 pounds frequently and 20 pounds occasionally, sit for up to six hours and stand/walk for up to four hours in an eight-hour workday, reach overhead bilaterally frequently, operate foot controls occasionally on the right and frequently on the left, climb stairs and ramps occasionally but never climb ladders and scaffolds,[7] balance, stoop, and crouch occasionally but never kneel or crawl, and never work at unprotected heights or with moving mechanical parts or operate a motor vehicle, *see id.* at 1731-32.

The ALJ adopted the Buckwalter testimony, explaining, "Dr. Buckwalter opined that he found the data sufficient to show that the [plaintiff]'s patent conditions in March 2010 would have restricted her to a limited range of light work; the parameters of which I find reliable and consistent overall, and so have incorporated into the assigned RFC[.]" *Id.* at 2163. The plaintiff does not challenge this assignment of weight to the Buckwalter testimony, which constitutes substantial evidence in support of the ALJ's Step 2, 3, and 4 findings.

Nor does the plaintiff challenge the ALJ's reliance on the testimony of the vocational expert present at her hearing that a person with the assessed RFC was capable of performing work

---

[7] Although Dr. Buckwalter did not opine on the plaintiff's ability to climb ropes, *see* Record at 1732 ("ladder, scaffolds never"), the ALJ's finding that she could not do so was more favorable to the plaintiff than Dr. Buckwalter's testimony. Thus, even if the plaintiff had argued that the ALJ erred in adopting a restriction against rope climbing, she could not have obtained remand on that basis. *See*, *e.g.*, *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015) ("[A] claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support." (footnote omitted)).

existing in significant numbers in the national economy. *See id*. at 2165. The ALJ's Step 5 finding, hence, is also supported by substantial evidence.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of August, 2020.

                                                /s/ John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge